IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEAN S. EDMONDS, JR.,

        Plaintiff,

v.                             CIVIL ACTION NO. 2:06-0131

JOHN KESSLER and
JAMES HEFNER,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before this Court are the defendants' three motions for partial summary judgment. First, the defendants move for judgment that defendant Hefner was not an employee of defendant Kessler. Next, defendants move for judgment on the plaintiff's claim for diminution in value. Finally, defendants move for judgment on the plaintiff's claim for punitive damages.

For the reasons explained more fully below, the Court **DENIES** the motion asserting that defendant Hefner was not an employee of defendant Kessler (Doc. 73), **DENIES WITHOUT PREJUDICE** the motion concerning diminution in value (Doc. 75), and **GRANTS** the motion to eliminate plaintiff's claim for punitive damages (Doc. 77).

### Background

This case stems from a non-contact automobile accident, which occurred on October 18, 2005 in Summers County, West Virginia. The plaintiff, Mr. Edmonds, had traveled from Florida, and was participating in a vintage car rally near the town of Nettie. Mr. Edmonds was driving a rare 1962 Aston Martin DB4 in this rally, and at the time of the accident.

The accident occurred when defendant Hefner pulled out from a side road onto the main road where Edmonds was driving. The parties dispute whether Hefner stopped before entering the main road, but agree that Hefner stopped in the middle of the main road after hearing Edmonds's horn. In any case, Edmonds swerved to avoid Hefner and struck a gaurdrail, resulting in damage to his automobile.

The vehicle driven by Hefner was not his own, but rather defendant Kessler's personal pick-up truck. Hefner, it seems, had accompanied Kessler to one of Kessler's job sites. When they arrived, Kessler saw a dump truck that needed to be moved to another job site down the road. Kessler asked Hefner to follow him in the pick-up (Kessler's personal vehicle) while Kessler moved the dump truck. The plaintiff alleges that Kessler should be held vicariously liable for the damage resulting from the accident, while the defendant argues that there was no relationship that would make Kessler legally responsible for the damages. The defendants argue that Hefner was not working for Kessler, but rather was moving the truck as a friendly favor.

The parties also dispute some of the events occurring immediately after the accident. Both acknowledge that Hefner left the scene, and was found further down the road speaking with Kessler. The defendants argue that Hefner left the scene to inform Kessler of the accident. The plaintiff argues that Hefner fled the scene of accident.

**Standard of Review**

Summary judgment is appropriate when the "pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting *Fed.R.Civ.P.* 56(c)). There is

no genuine issue for trial if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587(1986).

**Analysis**

**I.    Defendants' Motion for Partial Summary Judgment Based on the Non-Employee Status of James Hefner.**

Under West Virginia law, the test for vicarious liability based on a principal-agent relationship consists of four factors: 1) selection and engagement of the servant, 2) payment of compensation, 3) power of dismissal, and 4) power of control. *Paxton v. Crabtree,* 400 S.E.2d 245, 252 (W. Va. 1990). It is not essential, however, that the first three factors be met; the power of control is determinative. *Id.*

The Restatement (Third) of Agency makes clear that a principal can be liable for the torts of a gratuitous agent. Restatement (Third) of Agency § 7.07(b) ("The fact that work is performed gratuitously does not relieve a principal of liability.") The fact that Hefner might have been driving the truck as a favor to Kessler is, therefore, not dispositive on the issue of whether or not Kessler could be held liable for the actions of Hefner.

Hefner was clearly moving the truck for Kessler's benefit and not his own. The undisputed facts make clear that Kessler requested Hefner drive the pick-up truck in order to assist Kessler's business. Taking the facts in the light most favorable to the plaintiff, the Court is unable to find that Hefner was not serving as Kessler's employee or agent for the purpose of moving the pick-up truck. Consequently, the defendants' motion for summary judgment on the non-employee status of Mr. Hefner is **DENIED**.

**II.     Defendants' Motion for Partial Summary Judgment on Diminution in Value**

Both parties have identified the correct standard for evaluating a claim of diminution in value. In *Ellis v. King*, the West Virginia Supreme Court stated,

> if the owner of a vehicle, which is damaged and subsequently repaired can show a diminution in value based upon structural damage after repair, then recovery is permitted for that diminution in addition to the cost of repair, but the total shall not exceed the market value of the vehicle before it was damaged.

400 S.E.2d 235, 239 (W. Va. 1990). The court emphasized that the damage had to be "integral to the structure of the vehicle." *Id.*

The defendant's argue that no structural damage had been disclosed at the time of their deposition of the plaintiff's expert. As such, they claim that they will be prejudiced if a claim for diminution of value is allowed to proceed.

Recently, this Court granted a motion by Plaintiff to continue the trial date, in order to allow for completion of repairs to the vehicle. (*See* Doc. 93). In that order, the Court made clear that the defendants would be allowed to depose plaintiff's expert a second time on issues related to damages and repair of the vehicle. If the defendants wish to employ a rebuttal expert, they may seek leave to do so promptly after their deposition of the plaintiff's expert.

Because repairs have not yet been completed on the vehicle, the defendants motion for summary judgment on diminution in value is **DENIED WITHOUT PREJUDICE** as premature.

### III.  Defendants' Motion for Summary Judgment on Punitive Damages

In order to recover punitive damages in the state of West Virginia in an action of tort it is necessary to show, "gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others" or that "legislative enactment authorizes it." *Smith v. Perry*, 359 S.E.2d 624, 625 (W. Va. 1987) (quoting *Wells v. Smith*, 297 S.E.2d 872 (W. Va. 1982)).

The plaintiff argues that because Hefner may have entered the roadway without stopping or looking, and may have fled the scene, a jury could conclude his actions were reckless. The defendant argues that even if these facts are proven at trial, Hefner's actions do not rise to the point of reckless conduct.

West Virginia courts have frequently used the following definition for reckless conduct, taken from Prosser's Handbook of the Law of Torts:

> The usual meaning assigned to "wilful," "wanton" or "reckless," according to taste as to the word used, is that the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to the consequences, amounting almost to willingness that they shall follow; and it has been said that this is indispensable.

*Estate of Robinson v. Randolph Co. Comm'n*, 549 S.E.2d 699, 706 (quoting *Cline v. Joy Mfg. Co.*, 310 S.E.2d 835, 838 n. 6 (1983)).

Nothing from the facts indicates behavior rising to the required degree of egregiousness. Even making all possible inferences in favor of the plaintiff, the Court cannot find support for a claim of punitive damages based on recklessness. To the contrary, the failure to stop at the end of

a side road, without other extenuating factors, seems quintessentially to be garden variety negligence. Further, under the circumstances in which the accident took place, flight from the scene would not indicate the kind of conscious indifference to consequences necessary to find Mr. Hefner reckless. *See* 17 AMJUR POF 3d 311 § 19 ("The rule seems to be that failure to stop after an accident is not of itself evidence sufficient to support punitive damages.") The defendants motion for partial summary judgment on the issue of damages is **GRANTED**.

## CONCLUSION

For the reasons stated above, Defendants' motion for partial summary judgment on the issue of the non-employee status of Mr. Hefner (Doc. 73) is **DENIED**, Defendants' motion for partial summary judgment on the issue of diminution in value (Doc. 75) is **DENIED WITHOUT PREJUDICE**, and Defendant's motion for partial summary judgment on the issue of punitive damages (Doc. 77) is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 1, 2007

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE